UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| FRANK MULTARI, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05-cv-359 |
| | ) | CARTER |
| CLEVELAND COMMUNITY HOSPITAL and | ) | |
| COMMUNITY HEALTH SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

I. Introduction

Defendants National Healthcare of Cleveland, Inc. d/b/a Cleveland Community Hospital (the Hospital) and Community Health Systems, Inc. move the Court pursuant to Fed. R. Civ. P. 12 to dismiss this action filed by plaintiff Frank Multari (Doc. 44). For the reasons stated herein, the Court shall GRANT the defendants' motion and DISMISS the plaintiff's claims against the defendants alleging violations of the First and Fourteenth Amendments brought under 42 U.S.C. § 1983 and violations of the Americans With Disabilities Act and alleging assault and intentional infliction of emotional distress brought under Tennessee state law. The Court shall DENY that portion of the defendants' motion which requests the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims and to dismiss this action in its entirety.

II. Relevant Facts

Plaintiff makes the following allegations in his complaint: On January 26, 2004, the plaintiff filed a complaint against the Hospital with the Tennessee Department of Health for

1

negligent care he allegedly received while a patient at the Hospital. On February 11 and February 12, 2004, and Tennessee Department of Health conducted an unannounced investigation of the Hospital in response to the plaintiff's complaint. As a result of this complaint and the following investigation, the Tennessee Department of Health found the Hospital in violation of certain health regulations and ordered the Hospital to correct them.

On the afternoon of December 23, 2004, the plaintiff and his wife visited their daughter at the Hospital where their daughter had been admitted for treatment of a chronic illness. During this visit, the plaintiff's daughter asked her mother to assist her in personal hygiene. The plaintiff left the room in order to give them privacy and told his wife to come get him after she finished attending to their daughter's needs so that they could continue their visit together. The plaintiff stated that he would wait for her in the emergency room waiting area. He waited for about ten minutes in the emergency room waiting area watching television. At this point, he was approached by four individuals: a nurse, a uniformed security guard, and two other plain clothes security guards. The nurse informed him that "you caused our hospital enough grief and we don't want you here, and if we have to take you out by force we will." Plaintiff then believed he was going to be attacked by the nurse and the guards. The plaintiff's wife arrived, and the plaintiff asked for the cell phone to call the police. He then called 911 and a police officer stated that one was already on the way. When the officer arrived, the officer informed the plaintiff that the Hospital wanted him to leave and that he had to leave. The plaintiff and his wife then left the Hospital.

III. Analysis

*1. Standard of Review*

"The standard of review for a judgment on the pleadings under Rule 12(c) is the same as that under Fed. R. Civ. P. 12(b)(6)." *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.) *cert. denied*, 515 U.S. 1116 (1995); *see also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987). A motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6) tests the factual sufficiency of the plaintiff's complaint; it does not test the strength of plaintiff's proof necessary to prove plaintiff's claim. *See Central States, Southeast and South West Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 254 (6th Cir. 1997); *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The Court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and dismiss the claim(s) of the plaintiff only where the plaintiff can undoubtedly prove no set of facts in support of the claim(s) that would entitle the plaintiff to relief. *Amini v. Oberlin College,* 259 F.3d 493, 497 (6th Cir. 2001); *Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514-15 (6th Cir. 1999)*; Grindstaff v. Green*, 133 F.3d 416, 420 (6th Cir. 1998); *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867 (1990).

*2. Discussion*

While it is a bit difficult for the Court to ascertain exactly the plaintiff's causes of action, it appears that he is alleging the following claims in his complaint: assault and intentional infliction of emotional distress under Tennessee law, violations of his First and Fourteenth Amendment rights brought under 42 U.S.C. § 1983, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203.

In his response to the defendants' motion to dismiss, the plaintiff states that he withdraws

his retaliation claim brought under the Americans with Disabilities Act. Withdrawal of this claim leaves his Section 1983 claim as the sole remaining federal cause of action.

Section 1983 is a remedial statute which does not itself create independent substantive legal rights. 42 U.S.C. § 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To make out a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir.), *cert. denied*, 528 U.S. 813 (1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir.), *cert. denied*, 522 U.S. 861 (1997).

In this case, the federal law underlying the plaintiff's Section 1983 claim is the First Amendment of the United States Constitution. Plaintiff alleges defendants violated his First Amendment rights of free speech and "his federally protected rights of reporting (whistle blowing)" by ejecting him from the Hospital because he reported safety violations to the Tennessee Department of Health (Plaintiff's Response at 2) (parenthesis are original).

The First Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. *44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 489 n. 1 (1996); *Gitlow v. New York,* 268 U.S. 652, 666 (1925) ; *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1250 (6th Cir. 1997). Fourteenth Amendment scrutiny applies only to state conduct, not private action. *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001). It "erects no shield against private conduct, however discriminatory or wrongful."

4

*Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities.") Similarly, "it is fundamental that the First Amendment prohibits [only] governmental infringement on the right of free speech;" it does not prohibit infringement of free speech by *private* entities. *Rendell-Baker*, 457 U.S. at 837 (brackets added).

"If a defendant's conduct satisfies the 'state-action' requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for § 1983 purposes." *Brentwood Academy*, 531 U.S. at 295 n.2; *accord Rendell-Baker*, 457 U.S. at 838. Thus, a necessary element of the plaintiff's federal claim against the defendants in this case is that the defendants' conduct constituted state action, *i.e.*, that the defendants acted under color of law when they ejected the plaintiff from the Hospital premises. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy*, 531 U.S. at 295 (internal citation omitted). In other words, "is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker*, 457 U.S. at 837 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The defendants assert the plaintiff has failed to state a claim for which relief can be granted under Section 1983 and the First and Fourteenth Amendments because the plaintiff has alleged no facts which indicate the defendants were acting under color of law at the time they ejected the plaintiff from the Hospital. The plaintiff counters that because the Hospital is a community hospital open to the public, it is a state actor for purposes of the First and Fourteenth Amendments and Section 1983. That a private entity performs a function which serves the

5

public does not make it a state actor. *Rendell-Baker*, 457 U.S. at 842; *United Church of Christ v. Gateway Economic Development Corp. of Greater Cleveland, Inc.*, 383 F.3d 449, 454 (6th Cir. 2004). To be a state actor, the function the entity performs must be one that has traditionally been the exclusive prerogative of the State. *Id.* There is no specific allegation of such in the complaint, and no reasonable inference of such can be drawn from the allegations in the complaint. Plaintiff's complaint also alleges that the Hospital is subject to state regulation. The mere fact that the Hospital may be subject to state and federal regulations does not establish that the defendants were state actors at the time of the alleged constitutional violation. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that the Cincinnati Children's Hospital operated pursuant to state and federal regulations was insufficient to establish hospital was a state actor); *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000) ("it is now well-established that state regulation, even when extensive, is not sufficient to justify a finding of a close nexus between the state and the regulated entity"); *Crowder v. J.K. Conlan*, 740 F.2d 447, 450 (6th Cir. 1984) ("State regulation of a private entity, even if it is extensive and detailed, is not enough to support a finding of state action.") (internal citations omitted).

Finally, the fact that the Hospital enlisted the aid of a police officer to remove the plaintiff from the premises does not convert the Hospital's conduct into state action. *See Lansing v. City of Memphis*, 202 F.3d 821, 833 (6th Cir. 2000). In *Lansing*, the defendant, a private entity which had leased a public park in the city of Memphis for a festival, directed the plaintiff who was engaged in "street preaching" to leave the festival grounds. After the plaintiff refused, the defendant obtained police assistance in removing the plaintiff from the festival grounds. The plaintiff sued alleging infringement of his First Amendment right of free speech. The Sixth Circuit held the defendant's conduct did not constitute state action simply because the

6

defendant received police assistance in removing the plaintiff from the premises. *Id.* at 833. The court reasoned that, "[i]f this [police assistance] were all that was required to find state action, then every private citizens who solicited the aid of the police in resolving disputes or in ejecting unwanted persons would be transformed into a state actor. Mere request for assistance from an available police officer cannot be sufficient to form a nexus between the state and the private action." *Id.*

There are no other allegations in the plaintiff's complaint which, if considered true, would establish that the Hospital's action in having the plaintiff ejected from its premises is fairly attributable to the State. Consequently, the plaintiff's Section 1983 claim and his First Amendment and Fourteenth Amendment claim brought under Section 1983 shall be DISMISSED pursuant to Fed. R. Civ. P. 12 for failure to state a claim for which relief can be granted.

### 3. *Subject Matter Jurisdiction.*

With the plaintiff's federal causes of action against the defendants dismissed, the defendants urge the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law causes of action against them and to dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Court, however, declines to do so. The plaintiff previously moved to amend his complaint to substitute Security Engineers, Inc., for Cleveland Hospital Security Firm. The Court has granted the plaintiff's motion and given the plaintiff until June 7, 2006 to amend and file his complaint. (Doc. 69). This amended complaint alleges a claim brought under a federal statute, 42 U.S.C. § 1983, against Security Engineers, Inc. thereby giving the Court subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the Court shall DENY at this time that portion of the defendants' motion asking the Court to decline to exercise

7

Case 1:05-cv-00359 Document 71 Filed 06/01/06 Page 7 of 8 PageID #: 24

supplemental jurisdiction and dismiss without prejudice the plaintiff's state law claims against the defendant. An appropriate order shall enter.

SO ORDERED.

ENTER:

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE