UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANK MULTARI, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05-cv-359 |
| ) | CARTER |
| CLEVELAND COMMUNITY HOSPITAL, ) | |
| COMMUNITY HEALTH SYSTEMS, INC. and ) | |
| SECURITY ENGINEERS, INC. ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

I. Introduction

Defendant Security Engineers, Inc.[1] (SEI) moves the Court pursuant to Fed. R. Civ. P. 12 to dismiss this action filed by plaintiff Frank Multari, *pro se* (Doc. 86). For the reasons stated herein, the Court shall GRANT SEI's motion and DISMISS WITH PREJUDICE the plaintiff's claims against SEI alleging violations of the First and Fourteenth Amendments brought under 42 U.S.C. § 1983 and violations of the Americans With Disabilities Act, 42 U.S.C. § 12203, and DISMISS WITHOUT PREJUDICE the plaintiff's claims alleging assault and intentional infliction of emotional distress brought under Tennessee state law. The Court shall also DENY the plaintiff's motion to stay proceedings (Doc. 81).

---

[1] According to defendant, Security Engineers, Inc. is improperly named as such in plaintiff's amended complaint (SEI's motion to Dismiss at 1, Doc.86). The correct name is SEI, Inc. *Id.*

1

## II. Relevant Facts

Plaintiff makes the following allegations in his complaint: On January 26, 2004, the plaintiff filed a complaint against the Cleveland Community Hospital (Hospital) with the Tennessee Department of Health for negligent care he allegedly received while a patient at the Hospital. On February 11 and February 12, 2004, the Tennessee Department of Health conducted an unannounced investigation of the Hospital in response to the plaintiff's complaint. As a result of the investigation, the Tennessee Department of Health found the Hospital in violation of certain health regulations and ordered the Hospital to correct them.

On the afternoon of December 23, 2004, the plaintiff and his wife visited their daughter at the Hospital where their daughter had been admitted for treatment of a chronic illness. During this visit, the plaintiff's daughter asked her mother to assist her in personal hygiene. The plaintiff left the room in order to give them privacy and told his wife to come get him after she finished attending to their daughter's needs so that they could continue their visit together. The plaintiff stated that he would wait for her in the emergency room waiting area. He waited for about ten minutes in the emergency room waiting area watching television. At this point, he was approached by four individuals: a nurse, a uniformed security guard, and two other plain clothes security guards.[2] The nurse informed him that "you caused our hospital enough grief and we don't want you here, and if we have to take you out by force we will." Plaintiff then believed he was going to be attacked by the nurse and the guards. The plaintiff's wife arrived, and the plaintiff

---

[2] The factual recitation in the plaintiff's amended complaint does not identify the security guards as SEI employees. In fact, one guard, the uniformed guard, is identified as a Hospital employee. Nevertheless, the amended complaint names Security Engineers, Inc. as a defendant and, for purposes of this motion, the Court will treat those three security guards mentioned in plaintiff's amended complaint as employees of SEI because there are no other security guards referenced in the amended complaint.

asked for the cell phone to call the police. He then called 911 and a police officer stated that one was already on the way. When the officer arrived, the officer informed the plaintiff that the Hospital wanted him to leave and that he had to leave. The plaintiff and his wife then left the Hospital.

III. Analysis

*1. Standard of Review*

"The standard of review for a judgment on the pleadings under Rule 12(c) is the same as that under Fed. R. Civ. P. 12(b)(6)." *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.) *cert. denied*, 515 U.S. 1116 (1995); *see also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987). A motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6) tests the factual sufficiency of the plaintiff's complaint; it does not test the strength of plaintiff's proof necessary to prove plaintiff's claim. *See Central States, Southeast and South West Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 254 (6th Cir. 1997); *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The Court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and dismiss the claim(s) of the plaintiff only where the plaintiff can undoubtedly prove no set of facts in support of the claim(s) that would entitle the plaintiff to relief. *Amini v. Oberlin College,* 259 F.3d 493, 497 (6th Cir. 2001); *Greenbergv. Life Ins. Co. of Virginia,* 177 F.3d 507, 514-15 (6th Cir. 1999)*; Grindstaff v. Green*, 133 F.3d 416, 420 (6th Cir. 1998); *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990), *cert. denied*, 498 U.S. 867 (1990).

*2. Procedural Issue*

3

The same day SEI filed its motion to dismiss, June 19, 2006, the plaintiff filed a motion to stay proceedings (Doc. 81) and a motion to dismiss his case without prejudice (Doc. 80). In his motion to stay proceedings, the plaintiff asks the Court to stay all proceedings in this case until the Court rules on the plaintiff's motion to dismiss without prejudice. Before the Court ruled on the plaintiff's motions to stay and dismiss without prejudice, however, the plaintiff filed another paper with the Court on June 26, 2006, entitled "Plaintiff's Motion to Rest the Above Case on the Papers Already on File With the Court" (Doc. 91). In this motion, the plaintiff informed the Court that because of physical and mental illness, "I can no longer proceed and I rest my case on the papers already filed" (Plaintiff's Motion To Rest at 1, Doc. 91). The Court understands this motion to mean that the plaintiff wishes the Court to proceed with the case based on the papers filed as of June 26, 2006. That being the case, the Court will DENY the plaintiff's motion to stay proceedings (Doc. 81) in this case and address the merits of SEI's motion to dismiss filed prior to June 26, 2006..

### 3. Plaintiff's Federal Causes of Action Against SEI

While it is a bit difficult for the Court to ascertain exactly the plaintiff's causes of action, it appears that he is alleging the following claims in his complaint: assault and intentional infliction of emotional distress under Tennessee law, violations of his First and Fourteenth Amendment rights brought under 42 U.S.C. § 1983, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203.

In a response to an earlier motion to dismiss filed by the Hospital and Community Health Systems, Inc., the plaintiff stated that he withdraws all claims brought under the Americans with Disabilities Act. (Doc. 50, Plaintiff's Response to Motion to Dismiss at 1). Withdrawal of this claim leaves his Section 1983 claim as the sole remaining federal cause of action.

Section 1983 is a remedial statute which does not itself create independent substantive legal rights. 42 U.S.C. § 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To make out a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir.), *cert. denied*, 528 U.S. 813 (1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir.), *cert. denied*, 522 U.S. 861 (1997).

SEI argues that plaintiff has failed to allege facts from which the Court can infer or find directly that SEI acted under color of law; *i.e.*, was a state actor, when its employees assisted in the removal of the plaintiff from Hospital premises. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citation omitted). In ruling on this motion to dismiss, the Court must ask, "is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The plaintiff's complaint is devoid of any allegations from which the Court could conclude SEI was acting under color of law at the time plaintiff was ejected from the Hospital on December 23, 2004. There are no allegations that SEI was a governmental entity or even that SEI was providing services for a governmental entity. At most, the Court can infer from the complaint that

5

SEI was a security company providing security services to a hospital which was open to the public. That a private entity (SEI) performs a function for a private entity (the Hospital) which serves the public does not, by itself, make it a state actor. *Rendell-Baker*, 457 U.S. at 842; *United Church of Christ v. Gateway Economic Development Corp. of Greater Cleveland, Inc.*, 383 F.3d 449, 454 (6th Cir. 2004). To be a state actor, the function the entity performs must be one that has traditionally been the exclusive prerogative of the State. *Id.* There is no such allegation in the complaint, and no reasonable inference of such can be drawn from the allegations in the complaint.

The amended complaint also provides that the Hospital and the security officers were aided by a police officer in removing the plaintiff from the premises. Nevertheless, police aid does not convert SEI's conduct into state action. *See Lansing v. City of Memphis*, 202 F.3d 821, 833 (6th Cir. 2000). In *Lansing*, the defendant, a private entity which had leased a public park in the city of Memphis for a festival, directed the plaintiff who was engaged in "street preaching" to leave the festival grounds. After the plaintiff refused, the defendant obtained police assistance in removing the plaintiff from the festival grounds. The plaintiff sued alleging infringement of his First Amendment right of free speech. The Sixth Circuit held the defendant's conduct did not constitute state action simply because the defendant received police assistance in removing the plaintiff from the premises. *Id.* at 833. The court reasoned that, "[i]f this [police assistance] were all that was required to find state action, then every private citizens who solicited the aid of the police in resolving disputes or in ejecting unwanted persons would be transformed into a state actor. Mere request for assistance from an available police officer cannot be sufficient to form a nexus between the state and the private action." *Id.*

There are no other allegations in the plaintiff's complaint which, if considered true, would establish that SEI's action in having the plaintiff ejected from the Hospital's premises is fairly attributable to the State. Consequently, the plaintiff's Section 1983 claim against SEI shall be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12 for failure to state a claim for which relief can be granted.

### 4. Subject Matter Jurisdiction

All plaintiff's federal causes of action in this case either have been or shall be dismissed.[3] The only claims which remain in this case against any of the defendants are the plaintiff's state law claims of assault and intentional infliction of emotional distress. In the defendants' respective motions to dismiss (Docs. 44 and 86), defendants argue that diversity jurisdiction is lacking in this case. They also urge the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law causes of action and to dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Court shall first examine whether diversity jurisdiction exists in this case.

Under 28 U.S.C. § 1332, a district court has original jurisdiction of all civil actions in controversy where the sum or value exceeds $75,000, exclusive of interest or costs and is between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of business. *Wachovia Bank v. Schmidt*, 126 S.Ct. 941, 952 (2006). Moreover, "[i]t is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy*

---

[3] All federal claims against the Hospital and Community Health Systems, Inc. were dismissed with prejudice by the Court on June 1, 2006 (*See* Docs. 71 and 72).

*v. Taubman Centers, Inc,* 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

The plaintiff is a resident of Cleveland, Tennessee (Plaintiff's Amended Complaint at 1, Doc. 76). National HealthCare of Cleveland, Inc. d/b/a/ Cleveland Community Hospital and Community Health Systems, Inc. are incorporated under the laws of Delaware. Their principal places of business are in Franklin, Tennessee (Answer ¶ 3, Doc. 13). In the instant case, original jurisdiction in this action in the form of diversity of citizenship is lacking because the Hospital and Community Health Systems, Inc. and the plaintiff are, for purposes of 28 U.S.C. § 1332, citizens of the same state. Complete diversity between all defendants and the plaintiff are lacking. Additionally, federal question jurisdiction under 28 U.S.C. § 1331 is also lacking because all claims in this case brought under federal law have been dismissed. Nevertheless, the Court may exercise supplemental jurisdiction over the remaining state law claims, but it is not required to do so. 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1376(c)(3).

As the Court may pursuant to 28 U.S.C. § 1376(c)(3), the Court will decline to exercise supplemental jurisdiction over the plaintiff's Tennessee state law claims of intentional infliction of emotional distress and assault. The Court will retain jurisdiction over the Hospital's and Community Health System Inc.'s motion for attorney's fees under 42 U.S.C. § 1988. *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d, 252, 256 (6th Cir. 1997) (district courts retain jurisdiction after action is no longer pending to decide collateral issues such as motions for costs or attorney's fees) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)).

## IV. Conclusion

For the reasons stated herein, the Court shall take the following action in this case: Defendant SEI's motion to dismiss shall be GRANTED, and the plaintiff's claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12203 shall be DISMISSED WITH PREJUDICE. The Court shall DENY the plaintiff's motion to stay proceedings in this case (Doc. 81). The Court shall also decline to exercise supplemental jurisdiction over the plaintiff's only remaining claims, claims for intentional infliction of emotional distress and assault brought under Tennessee law against the defendants. Therefore, the plaintiff's claims of intentional infliction of emotional distress and assault shall be DISMISSED WITHOUT PREJUDICE. None of plaintiff's causes of action against any of the defendants remain in this case. The Court will retain jurisdiction solely for the purpose of ruling on the collateral issue of the Hospital's and Community Health Systems, Inc.'s motion for attorney's fees under 42 U.S.C. § 1988 (Doc. 93).

An appropriate Order shall enter.

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE