UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| FRANK MULTARI, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05-cv-359 |
| | ) | CARTER |
| CLEVELAND COMMUNITY HOSPITAL and | ) | |
| COMMUNITY HEALTH SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Defendants Cleveland Community Hospital (the Hospital) and Community Health Systems, Inc. (collectively referred to as "defendants") have filed a motion pursuant to 42 U.S.C. § 1988 for attorney's fees incurred in defending the plaintiff's claim against them brought under 42 U.S.C. § 1983. (Doc. 93). For the reasons stated herein, the defendants' motion is GRANTED.

Plaintiff's complaint asserted a claim under 42 U.S.C. § 1983 against the defendants alleging they violated the plaintiff's First and Fourteenth Amendment rights by having him ejected from the Hospital while visiting his sick step-daughter because he had previously reported the Hospital to the Tennessee Department of Health for safety violations. (*See* Court's Memorandum at 1-2, Doc. 71). The plaintiff also brought under state law claims of intentional infliction of emotional distress and assault based on the same incident that the Section 1983

1

claim was based.[1] Defendants filed a motion to dismiss the Section 1983 claim under Fed. R. Civ. P. 12 for failure to state a claim for which relief could be granted because the complaint failed to allege the defendants were acting under color of law at the time plaintiff was ejected from the Hospital. The Court found the defendants' motion meritorious and dismissed the plaintiff's Section 1983 claim with prejudice. *Id.* at 5-7. The Court also declined to exercise supplemental jurisdiction over the plaintiff's state law claims and dismissed them without prejudice. The defendants now seek attorney's fees under 42 U.S.C. § 1988 for defending the plaintiff's Section 1983 claim.

      42 U.S.C. § 1988(b) provides in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 1981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...

It is well settled that the defendant may recover attorney's fees from a plaintiff only where the suit was vexatious, frivolous, brought to harass or embarrass the defendant, or was without foundation – even though the suit was brought with subjective good faith. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983); *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005); *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004). "An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of

---

[1] In addition, plaintiff brought a claim under the Americans with Disabilities Act which he agreed should be dismissed with prejudice. This claim was dismissed by order dated June 1, 2006.

2

misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir.1986)). Before a court can award attorney's fees under Section 1988, it must consider the plaintiff's basis for bringing the suit. *Wolfe*, 412 F.3d at 720, *Riddle*, 266 F.3d at 548. Further, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Wolfe*, 412 F.3d at 720 (quoting *Christianburg Garmet Co, v. EEOC*, 434 U.S. 412, 421-22 (1978)).[2] On the other hand, an award of fees may be appropriate "'where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.'" *Wolfe*, 412 F.3d at 720 (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir.), *cert. denied*, 473 U.S. 906 (1985)).

In his amended and original complaints, the plaintiff brought claims under Section 1983 alleging the defendants violated his First and Fourteenth Amendment rights by ejecting him from the Hospital for reporting the Hospital to the Tennessee Department of Health for safety violations. These claims were the plaintiff's only federal claims after he voluntarily dismissed with prejudice his claim brought under the Americans with Disabilities Act. To make out a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and

---

[2]In *Christianburg Garmet Co. v. EEOC*, 434 U.S. 412, 421-22 (1978), the Supreme Court was considering attorney's fees awarded in an action brought under Title VII, 42 U.S.C. § 2000e *et seq*. However, the standard for granting fees under 42 U.S.C. § 1988 is the same as for granting fees under Title VII. *Wolfe*, 412 F.3d at 720 n. 5.

that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir.), *cert. denied*, 528 U.S. 813 (1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir.), *cert. denied*, 522 U.S. 861 (1997). The Court granted the defendants' motion to dismiss because the plaintiff had failed to allege that the defendants were acting under color of state law at the time he was ejected from the Hospital. Significantly, the plaintiff did not seek to amend his complaint to add facts which would support an allegation that the defendants were acting under color of law. Rather, the plaintiff argued in response to the defendants' motion to dismiss that the Hospital was acting under color of state law because it was a community hospital open to the public. However, as the Court noted, "[t]hat a private entity performs a function which serves the public does not make it a state actor." *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982); *United Church of Christ v. Gateway Economic Development Corp. of Greater Cleveland, Inc.*, 383 F.3d 449, 454 (6th Cir. 2004). (*See* Court's memorandum at 5).

The Court recognizes that the plaintiff is acting *pro se*; nevertheless, the plaintiff is still obligated to fulfill minimal standards in asserting his claims against the defendants. *See Landhall v. Taylor*, 68 Fed.Appx. 608, 609 (6t Cir. 2003) (Table). The Court does not find that the plaintiff brought this Section 1983 claim against the defendants solely to harass; nor does the Court conclude the claim was brought in subjective bad faith or for spurious purposes such as invoking federal jurisdiction. The Court does conclude, however, a foundation was completely lacking to bring the Section 1983 claim against the defendants because an essential element of a Section 1983 claim was missing from the complaint; *i.e.*, there were no facts alleged from which

4

the Court could conclude or infer that the defendants were acting under color of law. Significantly, after the defendants filed their motion to dismiss and this defect was revealed to the plaintiff, the plaintiff did not seek to amend his complaint to add other allegations nor did he concede that the defendants were private entities, not state actors. Rather, he vehemently and unreasonably argued that the Hospital was a "community" hospital and therefore was a state actor. Accordingly, the Court concludes that under Section 1988, the defendants are entitled to reasonable attorney's fees for work performed on the Section 1983 claim.

Rather than seek attorney's fees incurred solely in defending the plaintiff's Section 1983 claim brought against them, defendants are seeking all fees and expenses incurred in defending this entire action. The total amount of fees sought is $39,050.50. Defendants' justification for this position is the argument that had the plaintiff not brought the Section 1983 claim, defendants would not have had to defend the state law causes of action because this Court would have lacked subject matter jurisdiction. Defendants cite no authority for this position, and the Court declines to adopt it. Rather, the Court will not award attorney's fees for any work which was applicable to the state law claims, even if that work was also applicable to the Section 1983 claim for the following reason: the defendants chose not to move for dismissal with prejudice or summary judgment on the plaintiff's state law claims. These claims were dismissed without prejudice when the Court declined to exercise supplemental jurisdiction over them. The Court is not in a posture to say these state law claims were frivolous, made in bad faith or lacking in foundation, and thus the defendants were not "successful" on these claims. Further the reason for dismissing the plaintiff's Section 1983 claim, the defendants are not state actors, is in no way applicable to the plaintiff's state law claims. Keeping in mind that the standard for awarding

5

attorney's fees against nonprevailing plaintiffs is much higher than the standard for awarding attorney's fees against nonprevailing defendants under Section 1988 and that the defendants did not prevail on the state law claims, the Court concludes it is inappropriate under Section 1988 to award attorney's fees for work defendants also expended to defend the state law claims.

The vast majority of work enumerated and described in the affidavit submitted by the defendants in support of their request for attorney's fees is equally applicable to the state law claims as to the Section 1983 claim. Other work, however, such as that work performed in preparing the motion to dismiss plaintiff's section 1983 claim are solely applicable to the Section 1983 claim. With a few time entries, it is difficult to determine from the description given how much time is applicable solely to the Section 1983 claim and how much of the time might also be applicable to the state law claims. If the Court were to rely entirely on the lodestar method, *i.e.* multiply hours worked solely on the Section 1983 claim by a reasonable hourly rate, as the means of determining the fee award in this case, then the defendants' lack of specificity would be a serious impediment. However, where the prevailing party is a defendant as opposed to a plaintiff, the Court may consider the plaintiff's ability to pay in determining the proper amount of the attorney's fee award under Section 1988. *Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) ("a nonprevailing plaintiff's ability to pay may be used as a factor to determine the size of the award, but not whether an award is appropriate in the first place.") Having reviewed the time records of defense counsel and plaintiff's financial information, the Court concludes the attorney's fees defendants incurred on the Section 1983 claim alone exceeds the plaintiff's ability to pay.

The evidence before the Court indicates plaintiff has more funds going out than coming

in. Mr. Multari applied for and received leave to proceed *in forma pauperis* in this lawsuit. In his affidavit filed in support of his application for leave to proceed *in forma pauperis*, Mr. Multari stated under penalty of perjury that he has assets totaling $7,715 and liabilities totaling $63,880. His living expenses are $1,696 and his household income consists of $1,405 which he receives as Social Security Disability Benefits. An award of attorney's fees under Section 1988 should not subject a plaintiff to financial ruin. *Wolfe*, 412 F.3d at 724 (citing *Miller v. L.A. County Bd of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987)). Keeping in mind the plaintiff's financial condition and that only a small portion of the defendants' attorney's fees is allocable to plaintiff's Section 1983 claim alone, the Court concludes an award to $1,000 in attorney's fees is a sufficient award in the instant case.

## CONCLUSION

For the reasons stated herein, defendants' motion for attorney's fees under 42 U.S.C. § 1988 is GRANTED. Defendants are AWARDED attorney's fees and costs against the plaintiff in this action in the amount of $1,000.00.

SO ORDERED.

ENTER:

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE